UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARRY A. BORZYCH,

                Plaintiff,

v.                                         Case No. 17-cv-762-pp

JON LITSCHER, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO CHANGE VENUE (DKT. NO. 4), AND DENYING PLAINTIFF'S MOTION TO USE FUNDS FROM RELEASE ACCOUNT TO PAY CIVIL FILING FEE (DKT. NO 7)**

---

The plaintiff, Garry A. Borzych, is a state prisoner representing himself. He is incarcerated at Waupun Correctional Institution, in Fond du Lac County. He filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. He also filed a motion to change venue, dkt. no. 4, and a motion to use funds from release account to pay civil filing fee, dkt. no. 7.

First, the plaintiff asks this court to change the venue of this case to Milwaukee, because the librarian at the prison incorrectly filed his complaint in the Green Bay Division. Dkt. No. 4. The plaintiff asserts that it is critical that his case be filed in Milwaukee because he wants to file a motion asking the court to remove a "strike" he incurred years ago. Id. at 2. He believes that venue is incorrect in the Green Bay Division and does not believe that court has jurisdiction to hear his claims.

1

The plaintiff properly submitted his complaint for electronic filing with the United States District Court for the Eastern District of Wisconsin, and the prison librarian properly electronically filed the complaint. The Green Bay Division is not a separate federal court; the Eastern District of Wisconsin is one court that is divided into the Green Bay Division and the Milwaukee Division. In any event, even though the Green Bay Division processed the plaintiff's electronically filed complaint and docketed it, the case was assigned to a judge in the Milwaukee Division. The court will deny the plaintiff's motion to change venue.

Second, the plaintiff filed a motion asking the court for an order allowing him to use funds from his release account to pay the $400.00 civil filing fee. Dkt. No. 7. A release account is a restricted account maintained by the Wisconsin Department of Corrections, to be used when the prisoner is released from custody after completing his sentence. Wis. Adm. Code §DOC 309.466. While the court may order disbursement of funds from the release account for payment of the initial partial filing fee when a prisoner files a petition for leave to proceed without prepayment of the filing fee, the Prison Litigation Reform Act does not require the court to invade that account for payment of the balance. See 28 U.S.C. §1915(b)(2) (The balance of payments, after the initial payment, is to equal "twenty percent of the preceding month's income credited to the prisoner's account."). "Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." Wilson v. Anderson, 2014 WL

2

3671878, at *3 (E.D. Wis. July 23, 2014) (quoting Carter v. Bennett, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005); see also Doty v. Doyle, 182 F. Supp. 2d 750 (E.D. Wis. 2002). The court will deny the plaintiff's motion for an order allowing him to pay the $400.00 full filing fee from his release account.

In order to proceed, the plaintiff either must pay the $400.00 filing fee or file a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plaintiff acknowledges that he currently has three strikes, though he indicates he would like to file a motion challenging one of those strikes. He had not indicated that he believes he is in imminent danger of serious physical injury, which is the exception to § 1915(g).

The court will set a deadline for the plaintiff to either (a) pay the $400.00 full filing fee or (b) file a motion for leave to proceed without prepayment of the filing fee on the court's form, along with a certified copy of his prison trust account statement for the six months prior him filing his complaint. If the plaintiff files a motion for leave to proceed without prepayment of the filing fee, he must also file a motion challenging his prior strike and/or indicating that

his complaint includes allegations of imminent danger. If the plaintiff takes no action, the court may dismiss this case for failure to pay the filing fee.

The court **DENIES** the plaintiffs' motion to change venue. Dkt. No. 4.

The court also **DENIES** the plaintiff's motion to use funds from release account to pay the civil filing fee for this case. Dkt. No. 7.

The court **ORDERS** the plaintiff to do one of the following by **Monday, July 17, 2017**: (1) forward to the clerk of this court the sum of $400.00 as the full filing fee in this case; or (2) file a motion for leave to proceed without prepayment of the filing fee using the court's form, along with a certified copy of his prison trust account for the six months before he filed his complaint and a motion challenging his prior strike and/or indicating that his complaint includes allegations of imminent danger. The plaintiff's failure to comply with this order will result in dismissal of this case.

Dated in Milwaukee, Wisconsin this 30th day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**